IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NORA PINA, *as parent and legal
guardian of Daniel Pina,*

       Plaintiff,

v.                                                    CIV 10-0273 MCA/KBM

B&G TRANSPORTATION, INC.,
*et al.,*

       Defendants.

# ORDER

THIS MATTER came before the Court upon the status report I received on the above matter in response to my Order of September 20, 2010.  Plaintiffs' counsel informs me that State guardianship proceedings have been undertaken to have the mother appointed now that Daniel Pina is no longer a minor, but is unable to effectively manage his medical needs as well as his property and financial affairs.  Upon her appointment as guardian, Nora Pina will be able to obtain the lien information from Medicare/Presbyterian that is needed before proceeding to a settlement conference.

Plaintiff also requests the appointment of a guardian ad litem ("GAL") at this time.  A guardian ad litem

> must act in the best interests of the child [or disabled person] he represents. Such a position clearly places him squarely within the judicial process to accomplish that goal. A guardian ad litem must also be able to function without the worry of possible later harassment and intimidation from dissatisfied parents.

*Collins on Behalf of Collins v. Tabet*, 111 N.M. 391, 397, 806 P.2d 40, 46 (1991), *citing Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir.1984).  Thus, a court-appointed GAL's immunity from liability is essential to promote true fairness in the judicial process.

Appointing a GAL prior to reaching a settlement is an unwise course of action as it could eliminate the judicial immunity so critical to a GAL's role. Under New Mexico law, the Court

> look[s] to *Collins,* which addresses the question of absolute judicial immunity and adjudicatory function in the context of the appointment of a guardian ad litem. . . . The *Collins* Court concluded that a guardian ad litem benefits from absolute judicial immunity under certain circumstances, depending on the function. *Id. at 395, 806 P.2d at 44*. Absolute immunity attaches to a guardian ad litem when the appointment "contemplates investigation on behalf of the court into the fairness and reasonableness of the settlement in its effect on the minor." *Id.* ***If the appointment of the guardian "does not contemplate actions on behalf of the court but instead representation of the minor as an advocate, or if the guardian departs from the scope of appointment as a functionary of the court and instead assumes the role of a private advocate for the child's position, then the guardian is not immune. Id.***

*Hunnicutt v. Sewell* 147 N.M. 272, 277, 219 P.3d 529, 534 (Ct. App. 2009). Thus, a GAL will be appointed by the Court later only if the parties have been able to reach a settlement and only to assure the fairness of the negotiated resolution.

Wherefore,

**IT IS HEREBY ORDERED** that the parties notify my chambers immediately upon receipt of lien information necessary to proceed to a meaningful settlement conference. No guardian ad litem will be appointed until such time as a negotiated resolution has been reached.

_____
UNITED STATES MAGISTRATE JUDGE